D.) Did Pennsylvania Statute 53 P.S. § 13131.1 not remove taxpayer standing?

E.) Was Pennsylvania Statute 53 P.S. § 13131.1 unconstitutional since it violated the one subject rule under Article III, Section 3 of the Pennsylvania Constitution?

F.) Did Pennsylvania Statute 53 P.S. § 13131.1 not supersede Philadelphia zoning Ordinance 14–1708(1) since the Philadelphia zoning Ordinance is based on the grant of Home Rule authority within the policing powers and on a uniquely local issues?— Judge Glazer held there was no standing and quashed the appeals. The Commonwealth Court affirmed.

This matter is to be argued with, *Spahn v. Zoning Board of Adjustment, City of Philadelphia and R.G. Woodstock Associates, LLC*, Nos. 25 & 26 EAP 2008 and *SCRUB v. Zoning Board of Adjustment, City of Philadelphia*, No. 27 EAP 2008.

∎

**Sara Zalewski CREE, Petitioner**

**v.**

**WEST PENN ALLEGHENY HEALTH SYSTEM, INC., Forbes Regional Hospital, Almar Radiologists, Inc., and Maureen M. Bidula, M.D., Respondents.**

Supreme Court of Pennsylvania.

July 15, 2008.

*ORDER*

PER CURIAM.

**AND NOW,** this 15th day of July, 2008, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issue set forth below. Allocatur is **DENIED** as to all remaining issues. The issue, rephrased for clarity, is:

(1) When a plaintiff has failed to file a timely certificate of merit pursuant to Pa. R.C.P. 1042.3 and files a petition to open a resulting judgment of *non pros* pursuant to Pa.R.C.P. 3051, should a court's scope of inquiry be limited to the facts alleged in the petition to open or should such inquiry extend to expert reports procured for purposes of filing a certificate of merit?